The opinion of the Court, was delivered by
PIobjíbloweb, C. J.
The pauper, is an idiot, or at most of such feeble mind that she has never been able to take care of herself. She is now upwards of fifty years of age, and has always resided with her father, as a member of his family. She was born in Bethlehem where her father then resided; but he never had any settlement, either there or elsewhere, until the year 1812, when he purchased an estate in Alexandria, and acquired a settlement there; his daughter being then more than twenty-one years of age. He is now eighty-five years old, and being unable to provide for and take care of his daughter; she was removed by an order of two justices, from Alexandria to Bethlehem the place of her birth, That order was quashed by the quarter sessions of Hunterdon ; and this Certiorari is brought by the overseers of the township of Alexandria for the purpose of reversing that order. The questions raised at the argument, were,
1st. Whether the simple fact, of attaining the age of twenty-one years, is an emancipation, and deprives the child of the benefit of a subsequently acquired settlement by the father: and
2dly. Whether, if that is the general rule, the case of an idiot does not form an exception to it.
The cause was extensively argued and a great many cases cited by counsel on, both sides, but it seems to me a very plain case. It is true, there appears to be some confusion in the books, arising from the manner in which the rule has been expressed by some of the judges, and especially from what is reported to have been said by Ld. Kenyon in Rex. v. Offchurch, 3 T. R. 116. *122 Rex. v. Whitton, Id. 355, and in Rex. v. Collingbourne, 4 Id. 199. But in Rex v. Roach, 6 T. R. 245. 251, His lordship took occasion to explain himself, or rather to say, that he must have been misunderstood; and thought he could not have said what had been reported of him, in Rex. v. Whitton, “ because it never was his opinion, that the mere circumstance of the son’s attaining the age of twenty-one, was an emancipation, so as to prevent his having a derivative settlement, gained by his father afterwards, if the son continued to live with the father;” and then he adds, “ for if the son, with unbroken continuance, remain with, and a member of, the father’s family, he is not emancipated.”
The rule I take to be this; that nothing emancipates a child, in the sense here spoken of, under the age of twenty-one years, but marriage, or acquiring a settlement of his own; but after attaining the age of twenty-one, he may also be emancipated, by separating himself from and ceasing to be a member of his father’s family. But so long as the child continues single; enters into no contract inconsistent with the idea of his being a member of, and in a subordinate situation in his father’s family, acquires no settlement for himself, and makes his father’s house, his home, so long, whatever may be his age, he will follow any newly acquired settlement of his father. The age of twenty-one, is fixed upon, and spoken of in the books, not as the period when emancipation takes place; but as the age, at or subsequent to which, the child may emancipate himself by withdrawing from his father’s family, and setting up for himself in the world. And this is reasonable, for when a man acquires a settlement, it is not for himself alone, but for his family,; and his children, whether young or old, so long as they are unmarried and reside with him, are members of his family.
Not a single case can be found, in which the age of twenty-one years, has ipso facto, been adjudged an emancipation, in respect to the question of settlement. On the contrary, in Eastwoodhey v. Westwoodhey, 1 Str. 438. and 3 Burn’s Just. 370; Budgden v. Ampthill, Burr. Sett. cas. 270; and 3 Burn’s Just. 372 ; Rex. v. Heath, 5 T. R. 583; and in Rex. v. Everton, 1 East. 526, though the paupers, in those cases, were more than twenty-one years of age, when the new settlement of their respective fathers were acquired, yet the decisions of the Courts were made upon entirely *123 other grounds. In Rex. v. Roach 6 T. R. 247, the fact of the pauper’s being of full age before her father acquired his last settlement, was not relied upon, even by counsel; and the case was decided solely upon the ground, that she had separated herself from her father’s family, after she had attained the age of twenty-one years. In Rex. v. Walpole 1 Bl. R. 669, the pauper enlisted as a soldier, while under age, but did not return to his lather, until after he was twenty-one, and the father’s newly acquired settlement was denied to him, not because he was of full age; but because he remained absent after he was so. So too in a more recent case, Rex. v. Hardwick, 5 Barn. & Ald. 176, (7th Eng. Com. law R. 62,) where the son was drawn as a militia man, and was not discharged until after he was twenty-one years of age; though in this case, I should have doubted if his absence after that period, was not voluntary.
Upon the whole, I am satisfied the general rule is, and always has been, as I have stated ; that attaining the age of twenty-one, is not ipso facto, emancipation. But then, the counsel for the plaintiffs, contend, that as the pauper was not capable of making any election, after she attained her full age, and thereby emancipating herself, the law ought to elect for her, and judge her emancipated at that age. If it would be for her benefit, perhaps, we ought to do so: but that is not the case. The very fact, that she has never been capable of electing to separate herself from her father’s family, is the reason why the law considers her still a member of that family. If she had always continued a minor, she would have continued unemancipated by separation, because she was a minor, and not capable of choosing to sepárale herself from her father’s family; and precisely for the same reason, she now remains unemancipated. In Rex. v. Roach, 6 T. R. 250, the counsel put the case of an idiot, living with his father, and take it for granted, he may derive a settlement let his age be what it may. This was not denied ; and in a recent case, Rex. v. Much Cowaine, 2 Barn & Adol. 861, (22 Eng. Com. law, R. 201,) this very point was fully and solemnly ruled, in the King’s Bench. This case, though not authority, is a clear precedent, falling in, entirely with my views and feelings. The order of the sessions, must therefore be affirmed.
Ford and Ryekso:n, Justices concurred. Order affirmed.
Cited in Brown v. Ramsay, 5 Dutcher 120; Sutton v. Huffman, 3 Vr. 64.